**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Justin Lynn Victory,

                Plaintiff,

    v.

Ashlee Andrews, et al.,

                Defendants.

Case No. 2:24-cv-02397-JAD-BNW

**SCREENING ORDER**

Pro se plaintiff Justin Lynn Victory initiated this lawsuit by filing an application to proceed *in forma pauperis* and a complaint. ECF Nos. 1 and 1-1. Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the court will grant his request to proceed *in forma pauperis*. The court now screens the complaint.

**I.    ANALYSIS**

    **A.  Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)–(2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the complaint**

Plaintiff alleges that on August 2, 2023, he went to the Bank of America branch located at 3150 N. Rainbow Boulevard in Las Vegas, Nevada. He had a cashier's check with him, which he asserts was a refund of some sort. One of the bank employees, Ashlee Andrews, called the police and told them Plaintiff was committing a crime. In turn, once METRO showed up, Plaintiff asserts Officer LaRose assaulted him and sent him to jail. Plaintiff posted bail and went back to the bank to claim his cashier's check, but the bank never returned it to him.

Plaintiff names the following Defendants: Bank of America and Ashlee Andrews (bank employee). It appears he wishes to assert claims for unreasonable search and seizure in violation of the Fourth Amendment under 42 U.S.C. § 1983.

There are several problems with this complaint, which the court will discuss below. In addition, the court will dismiss the complaint with leave to amend so that Plaintiff can determine whether he can state a claim.

/ /

/ /

### 1. Constitutional claims against private parties

Plaintiff asserts claims for violation of the Fourth Amendment, which the court construes as a violation of 42 U.S.C. § 1983. In order to state a claim under § 1983, a plaintiff must allege that a particular defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the United States Constitution or a federal statute. 42 U.S.C. § 1983; *see West v. Atkins*, 487 U.S. 42, 48 (1988).

Thus, private parties generally cannot be held liable under § 1983. *See Monroe v. Pape*, 365 U.S. 167, 172 (1961), *overruled in part by Monell v. Dep't of Soc. Servs*., 436 U.S. 658 (1978). When addressing whether a private party acts under color of state law, courts "start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr*., 192 F.3d 826, 835 (9th Cir. 1999). To be sued under § 1983, a private party must be a willful participant in joint action with the State or its agents. *See Dennis v. Sparks*, 449 U.S. 24, 27-28, 32 (1980). Notably, a plaintiff must present specific facts to support the claim that a private party is acting under color of state law. *See Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) (holding conclusory allegations private parties are acting under color of state law, unsupported by facts, is insufficient to state a claim under § 1983).

Plaintiff does not make any allegations supporting the notion that Defendants (Bank of America and one of its employees) were acting in concert with METRO. Thus, he has not sufficiently pled that the defendants were acting "under color of state law." Plaintiff will be given leave to amend, but unless he can allege facts showing joint conduct, the constitutional claims against these two defendants will fail.

### 2. Tort claims against private parties

While not clear, it may be the case that Plaintiff intends to assert other tort-type claims against the named defendants given his cashier's check was never returned to him. "Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," otherwise known as federal

question jurisdiction. 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

A court may raise the question of subject-matter jurisdiction sua sponte, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3). Here, should Plaintiff wish to assert a tort-type claim, it would have to be under a Nevada statute (unless he believes a federal statute applies), which would not confer federal question jurisdiction.

Regarding diversity jurisdiction, Plaintiff is incarcerated in Nevada. It is not clear where Defendant Ashlee Andrews resides. But if she is a resident of Nevada, complete diversity will be lacking.

Plaintiff will be given leave to amend if he determines there is jurisdiction over a tort action but will be required to provide the type of claim he seeks to assert and the residency of each of the defendants.

### 3.  Constitutional claims against Officer LaRose

It is possible that Plaintiff wishes to pursue a Fourth Amendment violation against Officer LaRose, who would have been acting under color of state law. Plaintiff's complaint suggests he believes he was arrested without probable cause, which would constitute sufficient factual allegations to state this claim for purposes of screening.

But it is not clear whether Plaintiff was convicted of the conduct for which he was arrested. If a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483–87 (1994). Under *Heck*, a party who was convicted of a crime is barred from bringing a suit under § 1983 if a judgment in favor of that

party would necessarily imply the invalidity of the conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114).

Plaintiff does not provide any information beyond stating that he was arrested and posted bail. If he intends to state a § 1983 claim against Officer LaRose, he must first state whether he was convicted and, if so, whether the conviction was invalidated.

### 4. Amendment

As explained above, Plaintiff cannot currently state claims for which relief can be granted. As a result, the court will dismiss the complaint and allow Plaintiff leave to amend. Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) will no longer serve any function in this case. As such, if Plaintiff files an amended complaint, each claim *and the involvement of each specific defendant* must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

## II.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint be dismissed with leave to amend.

**IT IS FURTHER ORDERED** that the Clerk of Court detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff will have until **March 21, 2025,** to file an amended complaint. Failure to file an amended complaint by that date may result in dismissal of the case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a copy of the prisoner pro se form complaint.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Southern Desert Correctional Center shall pay to the Clerk of

the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Justin Lynn Victory, # 1278198 (in months that the account exceeds $10.00) until the full filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Warden Ronald Oliver, P.O. Box 208, Indian Springs, NV 89070.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.


DATED: February 7, 2025


_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE