UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Justin L. Victory, | Case No. 2:24-cv-02397-JAD-BNW |
| Plaintiff, | |
| v. | **SCREENING ORDER AND REPORT AND RECOMMENDATION** |
| Ashlee Andrews, et al., | |
| Defendant. | |

Before the Court is Plaintiff Justin L. Victory's amended complaint in which he alleges violations of his Fourth Amendment rights under a *Bivens* action. ECF No. 5. As required by 28 U.S.C § 1915(e)(2), the Court has screened Plaintiff's amended complaint and recommends that it be dismissed with prejudice as the claim involves private parties.

**I.    Procedural history**

Plaintiff initiated this matter with an application to proceed IFP and an accompanying complaint on December 23, 2024. ECF No. 1. Based upon the affidavit submitted by Plaintiff, which demonstrated Plaintiff's inability to prepay fees or costs or give security for them, this Court granted his request to proceed *in forma pauperis*. ECF No. 3 at 1.

On February 7, 2025, the Court screened Plaintiff's original complaint in which he alleged a 42 U.S.C. § 1983 Fourth Amendment claim. The Court dismissed his original complaint without prejudice based on his failure to state a claim and allowed Plaintiff an opportunity to file an amended complaint. *Id*. Plaintiff filed his amended complaint, which the Court will now screen. ECF No. 5.

**II.    Plaintiff's allegations and claims for relief**

Plaintiff alleges that he arrived at the N. Rainbow Blvd. Bank of America location on August 2nd, 2023. Plaintiff alleges he arrived at the location with a cashier's check, intending to conduct "legitimate banking affairs." ECF No. 5. After handing over the cashier's check,

alongside three different forms of identification, Plaintiff contends that bank manager Ashlee Andrews called the police and told them that Plaintiff was committing a crime. Consequently, Metro showed up. Plaintiff asserts Officer LaRose assaulted him and took him to jail. Plaintiff alleges he has yet to receive the funds or cashier's check from Bank of America. *Id.*

Plaintiff names the following Defendants: Bank of America and Ashlee Andrews (bank employee). Plaintiff seeks to assert claims for unreasonable search and seizure in violation of the Fourth Amendment under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971).

### III.     Screening standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). In addition to the screening requirements under § 1915(A), the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6),

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678)

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the Plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.,* 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a Plaintiff

must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se Plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**IV.   Analysis**

   **A.  *Bivens* Claims**

Plaintiff has alleged a violation of his Fourth Amendment rights—the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures—under a *Bivens* action. U.S. Const. amend. IV; ECF No. 5. "To state a claim for relief under *Bivens*, a plaintiff must allege that a *federal officer* deprived him of his constitutional rights." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (emphasis added). Although the Supreme Court has not "dispense[d] with *Bivens* altogether," it has "emphasized that recognizing a cause of action under *Bivens* is 'a disfavored judicial activity.' *Barone v. Ford*, 2024 WL 4119266, at *4 (D. Nev. 2024) (quoting *Ziglar v. Abbasi,* 582 U.S. 120, 135 (2017)). In *Ziglar*, the Supreme Court set forth a two-part test to determine whether a *Bivens* claim may proceed: a court first must consider whether the claim at issue extends *Bivens* in a new context from previously established *Bivens* cases, and, if so, a court must then apply a "special factors analysis" to determine whether there are" special factors counselling hesitation" in expanding *Bivens. Ziglar,* 582 U.S. at 136.

A *Bivens* action may constitute a new context depending on, for example:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id.* at 140. If facts present constitute a new context, the Ninth Circuit asks "whether there is 'any alternative, existing process for protecting' the plaintiff['s] interests." *Mirmehdi v. United States*,

689 F.3d 975, 982 (9th Cir. 2012) (quoting *W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1120 (9th Cir. 2009)). "If there is such an alternative remedy, [the] inquiry stops." *Mirmehdi*, 689 F.3d at 982. However, these two steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert v. Boule*, 596 U.S. 482, 483 ( 2022).

As to the three cases that the Supreme Court has allowed to proceed under *Bivens*, it has summarized those three cases as follows:

> In *Bivens v. Six Unknown Fed. Narcotics Agents,* the Court broke new ground by holding that a person claiming to be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages against the responsible agents even though no federal statute authorized such a claim. The Court subsequently extended *Bivens* to cover two additional constitutional claims in *Davis v. Passman,* a former congressional staffer's Fifth Amendment claim of dismissal based on sex, and in *Carlson v. Green*, a federal prisoner's Eighth Amendment claim for failure to provide adequate medical treatment.

*Hernandez v. Mesa*, 589 U.S. 93, 33 (2020).

**1. Fourth Amendment Claims under *Bivens* Against Private Citizens**

Here, Plaintiff asserts claims for violation of the Fourth Amendment under a *Bivens* action. The Ninth Circuit explained that "[a]ctions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."[1] *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). But here the glaring issue is that Plaintiff is asserting claims against *private* citizens. Neither Defendant Ashlee Andrews nor Defendant Bank of America are federal agents or officers acting under the "color of federal law." And there are no allegations suggesting that Defendants, who are private parties, were acting in conjunction with federal authority under "federal law." Even if Plaintiff could allege such facts, that would expand the application of *Bivens* into a new context and extending its application is precluded by caselaw. Especially given (1) consumer protection laws are in place to address this type of alleged

---

[1] The Court analyzed these same claims under 42 U.S.C. § 1983 in its prior screening order. ECF No. 3.

conduct and/or (2) Plaintiff can pursue conversion-type claims under state law. Thus, Plaintiff has not satisfied the pleading requirements for a *Bivens* Fourth Amendment Unreasonable Search and Seizure claim.

**V.    Conclusion**

**IT IS THEREFORE RECOMMENDED** that Plaintiff's complaint (ECF No. 5) be **dismissed with prejudice**.

<u>**NOTICE**</u>

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: June 26, 2025.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE