1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Justin L. Victory, | Case No. 2:24-cv-02397-JAD-BNW |
| Plaintiff | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Ashlee Andrews, et al., | |
| Defendant | ECF No. 8 |

**On 6/26/25, the magistrate judge entered this report and recommendation [ECF No. 8]:**

Before the Court is Plaintiff Justin L. Victory's amended complaint in which he alleges violations of his Fourth Amendment rights under a *Bivens* action. ECF No. 5. As required by 28 U.S.C § 1915(e)(2), the Court has screened Plaintiff's amended complaint and recommends that it be dismissed with prejudice as the claim involves private parties.

**I.      Procedural history**

Plaintiff initiated this matter with an application to proceed IFP and an accompanying complaint on December 23, 2024. ECF No. 1. Based upon the affidavit submitted by Plaintiff, which demonstrated Plaintiff's inability to prepay fees or costs or give security for them, this Court granted his request to proceed *in forma pauperis*. ECF No. 3 at 1.

On February 7, 2025, the Court screened Plaintiff's original complaint in which he alleged a 42 U.S.C. § 1983 Fourth Amendment claim. The Court dismissed his original complaint without prejudice based on his failure to state a claim and allowed Plaintiff an opportunity to file an amended complaint. *Id*. Plaintiff filed his amended complaint, which the Court will now screen. ECF No. 5.

**II.      Plaintiff's allegations and claims for relief**

Plaintiff alleges that he arrived at the N. Rainbow Blvd. Bank of America location on August 2nd, 2023. Plaintiff alleges he arrived at the location with a cashier's check, intending to conduct "legitimate banking affairs." ECF No. 5. After handing over the cashier's check,

1  alongside three different forms of identification, Plaintiff contends that bank manager Ashlee

2  Andrews called the police and told them that Plaintiff was committing a crime. Consequently,

3  Metro showed up. Plaintiff asserts Officer LaRose assaulted him and took him to jail. Plaintiff

4  alleges he has yet to receive the funds or cashier's check from Bank of America. *Id.*

5      Plaintiff names the following Defendants: Bank of America and Ashlee Andrews (bank

6  employee). Plaintiff seeks to assert claims for unreasonable search and seizure in violation of the

7  Fourth Amendment under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971).

8  **III.    Screening standard**

9      Federal courts must conduct a preliminary screening in any case in which a prisoner seeks

10  redress from a governmental entity or officer or employee of a governmental entity. *See* 28

11  U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any

12  claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

13  monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-

14  (2). In addition to the screening requirements under § 1915(A), the Prison Litigation Reform Act

15  requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief

16  may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6),

17      Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for

18  failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

19  F.3d 1108, 1112 (9th Cir. 2012). To survive a § 1915 review, a complaint must "contain sufficient

20  factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*

21  *v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes pro se complaints and may only

22  dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

23  his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.

24  2014) (quoting *Iqbal*, 556 U.S. at 678)

25      In considering whether the complaint is sufficient to state a claim, all allegations of

26  material fact are taken as true and construed in the light most favorable to the Plaintiff. *Wyler*

27  *Summit P'ship v. Turner Broad. Sys. Inc.,* 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

28  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a Plaintiff

1    must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 550 U.S.

2    544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

3    Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se

4    Plaintiff should be given leave to amend the complaint with notice regarding the complaint's

5    deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

6    **IV.    Analysis**

7        **A.  *Bivens* Claims**

8            Plaintiff has alleged a violation of his Fourth Amendment rights—the right of the people

9    to be secure in their persons, houses, papers, and effects, against unreasonable searches and

10   seizures—under a *Bivens* action. U.S. Const. amend. IV; ECF No. 5. "To state a claim for relief

11   under *Bivens*, a plaintiff must allege that a *federal officer* deprived him of his constitutional

12   rights." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (emphasis added). Although the

13   Supreme Court has not "dispense[d] with *Bivens* altogether," it has "emphasized that recognizing

14   a cause of action under *Bivens* is 'a disfavored judicial activity.' *Barone v. Ford*, 2024 WL

15   4119266, at *4 (D. Nev. 2024) (quoting *Ziglar v. Abbasi,* 582 U.S. 120, 135 (2017)). In *Ziglar,*

16   the Supreme Court set forth a two-part test to determine whether a *Bivens* claim may proceed: a

17   court first must consider whether the claim at issue extends *Bivens* in a new context from

18   previously established *Bivens* cases, and, if so, a court must then apply a "special factors

19   analysis" to determine whether there are" special factors counselling hesitation" in expanding

20   *Bivens. Ziglar,* 582 U.S. at 136.

21           A *Bivens* action may constitute a new context depending on, for example:

22

23           the rank of the officers involved; the constitutional right at issue; the generality or
             specificity of the official action; the extent of judicial guidance as to how an officer
24           should respond to the problem or emergency to be confronted; the statutory or other
             legal mandate under which the officer was operating; the risk of disruptive intrusion
25           by the Judiciary into the functioning of other branches; or the presence of potential
             special factors that previous *Bivens* cases did not consider.
26

27   *Id.* at 140. If facts present constitute a new context, the Ninth Circuit asks "whether there is 'any

28   alternative, existing process for protecting' the plaintiff['s] interests." *Mirmehdi v. United States*,

1    689 F.3d 975, 982 (9th Cir. 2012) (quoting *W. Radio Servs. Co. v. U.S. Forest Serv*., 578 F.3d 1116,

2    1120 (9th Cir. 2009)). "If there is such an alternative remedy, [the] inquiry stops." *Mirmehdi*, 689

3    F.3d at 982. However, these two steps "often resolve to a single question: whether there is any

4    reason to think that Congress might be better equipped to create a damages remedy." *Egbert v.*

5    *Boule*, 596 U.S. 482, 483 ( 2022).

6         As to the three cases that the Supreme Court has allowed to proceed under *Bivens*, it has

7    summarized those three cases as follows:

8

9         In *Bivens v. Six Unknown Fed. Narcotics Agents,* the Court broke new ground by
     holding that a person claiming to be the victim of an unlawful arrest and search

10        could bring a Fourth Amendment claim for damages against the responsible agents
     even though no federal statute authorized such a claim. The Court subsequently

11        extended *Bivens* to cover two additional constitutional claims in *Davis v. Passman,*
     a former congressional staffer's Fifth Amendment claim of dismissal based on sex,

12        and in *Carlson v. Green*, a federal prisoner's Eighth Amendment claim for failure
     to provide adequate medical treatment.

13

14   *Hernandez v. Mesa*, 589 U.S. 93, 33 (2020).

15       **1.  Fourth Amendment Claims under *Bivens* Against Private Citizens**

16        Here, Plaintiff asserts claims for violation of the Fourth Amendment under a *Bivens*

17   action. The Ninth Circuit explained that "[a]ctions under § 1983 and those under *Bivens* are

18   identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."[1]

19   *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). But here the glaring issue is that Plaintiff

20   is asserting claims against *private* citizens. Neither Defendant Ashlee Andrews nor Defendant

21   Bank of America are federal agents or officers acting under the "color of federal law." And there

22   are no allegations suggesting that Defendants, who are private parties, were acting in conjunction

23   with federal authority under "federal law." Even if Plaintiff could allege such facts, that would

24   expand the application of *Bivens* into a new context and extending its application is precluded by

25   caselaw. Especially given (1) consumer protection laws are in place to address this type of alleged

26

27   ───────────────

28   [1] The Court analyzed these same claims under 42 U.S.C. § 1983 in its prior screening order. ECF
No. 3.

conduct and/or (2) Plaintiff can pursue conversion-type claims under state law. Thus, Plaintiff has not satisfied the pleading requirements for a *Bivens* Fourth Amendment Unreasonable Search and Seizure claim.

**V.    Conclusion**

   **IT IS THEREFORE RECOMMENDED** that Plaintiff's complaint (ECF No. 5) be **dismissed with prejudice**.

<u>**ORDER**</u>

   The deadline for any party to object to this recommendation was July 10, 2025, and no party filed anything or asked to extend the deadline to do so.  "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Having reviewed the report and recommendation, I find good cause to adopt it, and I do.  IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No.  8] is ADOPTED** in its entirety,  and **this case is DISMISSED** with prejudice.  The Clerk of Court is directed to **ENTER JUDGMENT ACCORDINGLY AND CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: July 14, 2025