# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Justin L. Victory,

      Plaintiff

v.

Ashlee Andrews, et al.,

      Defendants

Case No.  2:24-cv-2397-JAD-BNW

**Order Denying Motions**

ECF Nos. 15, 19

 

     Justin L. Victory is a Nevada state inmate who filed a civil-rights action under *Bivens  v. Six Unknown Federal Narcotics Agents*,[1] alleging that the Bank of America and one of its managers, Ashlee Andrews, violated his Fourth Amendment rights by calling the Las Vegas Metropolitan Police Department on him, falsely reporting that he was passing a fraudulent cashier's check.[2]  Because Victory applied to proceed *in forma pauperis*, his claims were screened.  In a report and recommendation, the magistrate judge recommended that Victory's case be dismissed because a *Bivens* claim is not available in these circumstances.[3]  That report and recommendation was returned as undelivered, and Victory now explains that he was "pertaining to legal matters in AZ"

---

[1] *Bivens  v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

[2] *See generally* ECF No. 5.

[3] ECF No. 8.

and thus missed his chance to object to it.[4]  The unobjected-to recommendation was adopted, this case was dismissed, and judgment was entered for the defendants.[5]

Victory filed a motion to set aside that judgment under Federal Rule of Civil Procedure 60, asking the court to set aside the judgment and give him 15 days to file an objection.[6]  A month later, when that motion had not yet been decided, he followed it up with a motion or a status check.[7]  This court explained the status of Victory's case and advised that his motion was still pending because "this court has hundreds of motions in other cases that were filed before his. . . ."[8]  Believing that his "case is substantive and deserves attention above any motion filed after" his, he then filed a "Motion to Correct any Misconstrution [sic] Relating to this Case."[9]  In it, he argues that the dismissal was erroneous because a *"Bivens* action actually can be maintained against private entities."[10] He cites *Correctional Services Corporation v. Malesko* as the authority for that legal proposition.[11]

*Malesko* actually holds exactly the opposite.  In *Malesko*, the United States Supreme Court considered "whether the implied damages action first recognized in

---

[4] ECF No. 19.

[5] ECF No. 11.

[6] ECF No. 15.

[7] ECF No. 17.

[8] ECF No. 18 at 1.

[9] ECF No. 19.

[10] *Id*. at 2.

[11] *Id*. (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001)).

*Bivens* . . . should be extended to allow recovery against a private corporation operating a halfway house under contract with the Bureau of Prisons."[12]  The answer was no.  The Court recounted that in the *Bivens* case, it "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."[13]  Malesko argued that *Bivens* should be extended "to confer a right of action for damages against private entities . . . ."[14]  The Supreme Court refused. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations," it explained.[15]  "*Bivens* . . . is concerned solely with deterring the unconstitutional acts of individual [federal] officers."[16]

So to state a civil-rights claim under *Bivens*, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a federal officer.[17]  There is nothing "federal" or "officer" about the targets of Victory's claims.  He is attempting to bring civil-rights claims against a private, corporate bank and one of its managers.  He doesn't even allege that they were acting in concert with federal actors because the cops he alleges were called on him were from the Las Vegas Metropolitan Police Department.[18]  As the

---

[12] *Malesko*, 534 U.S. at 63.

[13] *Id*. at 66 (citing *Bivens*, 403 U.S. 388).

[14] *Id*.

[15] *Id*. at 70.

[16] *Id*. at 71.

[17] *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

[18] *See* ECF No. 5 at 4.

magistrate judge accurately explained in recommending dismissal of Victory's suit, *Bivens* does not supply a legal basis for Victory's claims.[19]

So I liberally construe Victory's "Motion to Correct any Miscontrution [sic] Relating to this Case" as a supplemental motion to set aside the judgment under Rule 60, and I deny both pending motions.  Victory's claims fail as a matter of law because he cannot assert *Bivens* claims against these private actors in this situation.  As Victory has now had an opportunity to present his arguments to this court, I find that he has not shown and cannot show that the dismissal of his claims was error.  The law does not allow the assertion of *Bivens* civil-rights claims against Andrews or Bank of America under the facts presented here.

**IT IS THEREFORE ORDERED that Victory's motion to set aside judgment and motion to correct [ECF Nos. 15, 19] are DENIED.  This case remains closed.  No further motions may be filed in it.**

_____
U.S. District Judge Jennifer A. Dorsey
December 15, 2025

---

[19] *See* ECF No. 8 at 4–5.